# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COORDINATION TECHNOLOGY LTD., Derivatively on Behalf of Nominal Defendant CASPERLABS LLC,<br><br>Plaintiff,<br><br>v.<br><br>BROCK PIERCE, et al.,<br><br>Defendants. | Case No.:  21cv1295-LAB-AHG<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Coordination Technology Ltd. ("CoorTech") filed a complaint in this Court against Defendants Brock Pierce, Scott Walker, Mrinal Manohar, Medha Parlikar, Clifford Sarkin, Varun Gupta, Terren Peizer, Jack Lynch, Joseph Richard Murray, Scott Walker, Daniel Marfurt, Matti Tapani Liukas, Ralpf Kubli, Patrick Storchenegger, Sean Inggs, Cristopher Bowring, and nominal defendant CasperLabs LLC. The complaint asserts two claims, both under Wyoming state law, so the Court's jurisdiction relies entirely on diversity of citizenship. *See* 28 U.S.C. § 1332(A)(1); (*see also* Dkt. 1 ¶ 32 (alleging that this Court has jurisdiction over this action pursuant to § 1332)).

The Court is inquired to confirm its own jurisdiction, *sua sponte* if necessary, whenever a doubt arises. *Mt. Healthy City School Dist. Bd. of Ed.*

1 | *v. Doyle*, 429 U.S. 274, 278 (1977). As the parties invoking the Court's
2 | jurisdiction, Defendants bear the burden of establishing it. *See Steel Co. v.*
3 | *Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). Among other things,
4 | they are required to include in their notice of removal a "short and plain
5 | statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a).

6 |     Defendants assert that this court can properly exercise jurisdiction
7 | under 28 U.S.C. § 1332(A)(1). (Dkt. 1 ¶ 32.) For that statute to confer subject
8 | matter jurisdiction on this court, Defendants must allege facts establishing
9 | complete diversity of citizenship. *See* 28 U.S.C. § 1332(A)(1). Neither the
10 | Notice of Removal nor the briefing on Plaintiffs' Motion for Remand provide
11 | sufficient facts to establish diversity. Instead, they strongly suggest that
12 | diversity *isn't* complete.

13 |     Plaintiff CoorTech alleges that it is "a Saint Lucia corporation." (Dkt. 1
14 | ¶¶ 9, 32.) Assuming this means that CoorTech is incorporated under the laws
15 | of Saint Lucia, CoorTech is a citizen of Saint Lucia and wherever its principal
16 | place of business is. *See Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012)
17 | (corporate party is citizen of its place of incorporation and its principal place
18 | of business).

19 |     For jurisdictional purposes, foreign citizens like CoorTech aren't
20 | diverse from other foreign citizens, even if they're citizens of different foreign
21 | countries. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 (1999)
22 | (German citizen not diverse from Norwegian citizen). And while the
23 | Complaint stops short of alleging facts that would establish Defendants'
24 | citizenship, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th
25 | Cir. 2001) (domicile and national citizenship, not residence, determine
26 | citizenship for jurisdictional purposes), the facts it does allege suggest that
27 | at least some Defendants are citizens of foreign countries. Defendant Marfurt
28 | allegedly "resides in San Diego, California and Zug, Switzerland." (Dkt. 1

¶ 21.) Defendants Lapp, Liukas, Kubli, and Storchenegger allegedly live and work in Switzerland. (*Id.* ¶¶ 22, 26-28.) Defendants Inggs and Bowring allegedly "work[] and live[] in the Cayman Islands." (*Id.* ¶¶ 24-25.) And nominal Defendant CasperLabs LLC, a limited liability company whose citizenship is derived from the citizenship of its members, appears to be a citizen of Switzerland. *See Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006) (non-corporate limited liability entity is citizen of each place in which a member has citizenship); (Dkt. 1 ¶ 11 (alleging that CasperLabs Holdings AG, "a Swiss company," is the sole member of CasperLabs LLC).[1]

Because the Complaint doesn't allege facts sufficient to establish diversity of citizenship, and because the facts it does allege strongly suggest that diversity jurisdiction isn't available, CoorTech is **ORDERED TO SHOW CAUSE** why this action shouldn't be dismissed for lack of jurisdiction. It may do so by filing a supplemental brief no longer than five pages on or before **July 30, 2021**.

**IT IS SO ORDERED**.

Dated: July 21, 2021

[signature]

**Hon. Larry Alan Burns**
United States District Judge

---

[1] Because Defendants as a group allegedly include "CasperLab[s'] . . . controlling directors[] and controlling shareholders," the Court assumes without deciding that CasperLabs LLC is properly aligned as defendant for diversity purposes. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234-35 (9th Cir. 2008) (nominal defendant corporation in shareholder derivative action properly aligned as defendant for diversity purposes where "management is aligned against the [plaintiff] and defends a course of conduct which he attacks.")